Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 3244 | **DATE** | 6/10/2013 |
| **CASE TITLE** | Behringer vs. J & R Schugel Trucking, Inc. et al | | |

**DOCKET ENTRY TEXT**

Behringer's petition (Doc [13]) to remand this matter is granted. The cause is hereby remanded to the Circuit Court of Cook County, Illinois. Ruling set for 6/20/2013 is stricken.

■[ For further details see text below.]  Docketing to mail notices.

### ORDER

This matter comes before the Court on the petition of Plaintiff Thomas Behringer ("Behringer") to remand this cause to the Circuit Court of Cook County, Illinois pursuant to 28 U.S.C. § 1447. For the reasons set forth below, the petition is granted.

For purposes of this petition, the Court accepts all well-pleaded facts in Behringer's complaint as true. On December 9, 2010, Behringer sustained injuries on a Wisconsin road when his vehicle collided with one of Defendant J & R Schugel Trucking, Inc.'s ("J & R") tractor-trailers after the tractor-trailer had collided with other vehicles due to snowy conditions. Behringer was driving a vehicle that he had rented from Enterprise Leasing Company of Chicago, LLC ("Enterprise").

On June 27, 2012, Behringer filed a complaint in the Circuit Court of Cook County against J & R. Behringer also sued Enterprise, Enterprise Leasing Company, and Enterprise Holdings, Inc. (collectively the "Enterprise Defendants"). The complaint alleges negligence on the part of J & R's driver and the Enterprise Defendants. Behringer alleges that the rental vehicle had defective windshield wipers that caused smearing on the windshield and inhibited his ability to see peripherally, a factor which contributed to the accident. Behringer complained about the problem to Enterprise prior to the accident.

On August 29, 2012, Behringer's case was consolidated with that of his daughter, a passenger in his vehicle. On April 30, 2013, J & R filed a notice of removal pursuant to 28 U.S.C. § 1446. On May 8, 2013, Behringer petitioned this Court to remand the case to the Circuit Court of Cook County.

A defendant may remove a case to federal court if there is federal subject-matter jurisdiction. 28 U.S.C. § 1441(a). A federal court has subject-matter jurisdiction if there is diversity of citizenship plus an amount in controversy in excess of $75,000, or if the action arises under the Constitution, laws, or treaties of the United

States. 28 U.S.C. §§ 1331, 1332. If at any time after removal to federal court, and before final judgment, it becomes apparent that the district court lacks subject-matter jurisdiction, the district court must remand the case to the state court from which it was removed. 28 U.S.C. § 1441. The burden of establishing subject-matter jurisdiction lies with the party seeking to invoke it; therefore, when a defendant seeks to remove an action, it bears the burden of showing that an exercise of jurisdiction is warranted. *Workman v. United Parcel Serv., Inc.*, 234 F.3d 998, 999 (7th Cir. 2000). "Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum." *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993).

Behringer seeks remand on two grounds: (I) there is not complete diversity of citizenship; and (ii) remand would better serve the function of judicial economy, as his daughter's case has not been removed and has been consolidated with Behringer's. Behringer's medical expenses have surpassed $156,000, and the amount-in-controversy requirement of Section 1332 is thus satisfied. Behringer is a citizen of Illinois. J & R is a corporation incorporated and with its principal place of business in Minnesota. Enterprise's principal place of business is located in Illinois, and it is possible that the remainder of the Enterprise Defendants are also Illinois citizens for diversity purposes.

Normally, Enterprises's being a citizen of Illinois would divest this Court of subject-matter jurisdiction. *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806) (complete diversity of citizenship must exist). J & R alleges, however, that this Court should disregard the citizenship of the Enterprise Defendants in deciding the instant petition because the joinder of these defendants was fraudulent.

In evaluating diversity of citizenship, a court must disregard a fraudulently joined defendant. *Schwartz v. State Farm Mut. Auto. Ins. Co.*, 174 F.3d 875, 878 (7th Cir. 1999). A defendant is fraudulently joined when there is no possibility that a plaintiff can state a claim against it in state court, or "where there has been outright fraud in [the] plaintiff's pleading of jurisdictional facts." *Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 327 (7th Cir. 1993). A defendant who seeks removal on account of alleged fraudulent joinder bears the burden of proving that, after the court resolves all issues of fact and law in favor of the plaintiff, the plaintiff still has no possibility of prevailing against the diversity-defeating defendant in a state court. *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992).

J & R avers that Behringer cannot prevail on his negligence claim against the Enterprise Defendants because he allegedly conceded in his state court deposition that the windshield had no bearing on the accident. Specifically, J & R focuses on Behringer's statement that "[u]h, it, I don't believe [the windshield] did have any reason for the accident happening." In the very next sentence, however, Behringer elaborates, "Other than it was difficult to see out of it." J & R also cites portions of Behringer's deposition where he describes with some detail traffic and roadway conditions at the time of the accident. Behringer's elaboration in the sentence that the Court quoted, however, seems to indicate Behringer's belief that the windshield did have a bearing on the accident. The parties can debate the significance of the different portions of Behringer's testimony at trial, the proper forum for such a dispute. The Court thus holds that there exists a possibility that the Enterprise Defendants could be found liable for the defective wipers. Their joinder, therefore, was not fraudulent, and the lack of diversity divests this Court of subject-matter jurisdiction. The Court need not address Behringer's alternative argument with respect to the issue of judicial economy.

For the reasons set forth above, Behringer's petition to remand this matter is granted. The cause is hereby remanded to the Circuit Court of Cook County, Illinois.